UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. ROCHOW, ET AL.,            No. 04-73628

        Plaintiffs,            District Judge Arthur J. Tarnow

v.            Magistrate Judge R. Steven Whalen

LIFE INSURANCE COMPANY
OF NORTH AMERICA,

        Defendant.
_____/

**OPINION AND ORDER**

Before the Court is Plaintiff's Motion for Discovery Sanctions and Related Relief [Docket #70], which has been referred for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). The motion will be GRANTED, for the reasons and under the terms set forth below.

**I. BACKGROUND**

This case involves Defendant's denial of long-term disability benefits to Plaintiff under the Employee Retirement Income Security Act ("ERISA"). The Court granted summary judgment to the Plaintiff, and on appeal, the Sixth Circuit affirmed. The case was returned to this Court to resolve post-judgment issues such as the calculation of monthly benefits, attorney fees, and the applicability of the remedies of equitable accounting or disgorgement. In an order entered on June 16, 2009 [Docket #67], the Court ruled that disgorgement through an accounting for profits is appropriate equitable relief, and that an evidentiary hearing would be set.

The parties then agreed to a schedule for discovery, which included expert depositions. Plaintiff's expert, David Croson, was deposed on August 18, 2009.

Defendant's expert, Timothy Holzli, was deposed on September 22, 2009. Although Plaintiff had been provided with three successive affidavits of Mr. Holzli, he complains that a final report of Mr. Holzli was not emailed until 5:15 p.m. on Friday, September 18, 2009, just days before the deposition. Plaintiff further states that the statements and opinions in this report are "substantially different" from those in Holzli's prior affidavits, and that because of the eleventh-hour production, he was unable to effectively conduct Holzli's deposition.[1]

Plaintiff also complains that Defendant withheld certain communications–principally emails–that in-house counsel provided to Mr. Holzli, on the basis of attorney-client or work product privilege.

In this motion, Plaintiff asks the Court to strike Holzli's report and limit his testimony to his prior affidavits. In the alternative, he requests that Holzli be re-deposed. He also asks that Defendant be ordered to pay the cost of the re-deposition, in the estimated amount of $26,456.10. Finally, Plaintiff seeks production of the emails or other communications that Defendant withheld on the basis of privilege.

## II.   DISCUSSION

### A.   Timeliness of Disclosure/Re-Deposition

Citing Fed.R.Civ.P. 26(a)(2)(C), Plaintiff argues that Defendant was required to disclose its expert report "at least 90 days before the date set for trial or for the case to be ready for trial." Of course, there is no "trial" here, but rather a post-judgment evidentiary hearing in an ERISA case. Plaintiff has not cited a single case supporting the proposition that the 90-day time limit of Rule 26(a)(2)(C) applies in this situation. Moreover, the

---

[1] Plaintiff also states that portions of Holzli's report were illegible. This deficiency has apparently been resolved. To the extent that is has not, Defendant will provide Plaintiff with a clean, legible copy of the report.

-2-

parties did not agree to a discovery schedule–including expert depositions–until August 24, 2009, with discovery to be completed on or before September 30, 2009. *See* Docket #69. The window for discovery was significantly less than 90 days.

Nevertheless, it is not necessary to decide whether the technical timing requirements of Rule 26(a) strictly apply to post-judgment matters. Rule 1 of the Federal Rules of Civil Procedure directs that all of the Rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." Disclosing an expert report on the weekend before a Tuesday, out-of-state deposition smacks of gamesmanship, and is inconsistent with basic notions of fairness.[2]

It also appears to this Court, however, that Plaintiff's counsel is a bit of a game player himself. I can appreciate that he did not have time to adequately prepare to examine Holzli on the claimed inconsistencies between his prior affidavits and his report[3], but counsel certainly could have contacted Defendant's lawyer–by telephone, email or text message–to request an adjournment. Defendant may or may not have agreed, but Plaintiff's counsel could have asked. He did not. Instead, he made the strategic decision to go forward with a 7-hour deposition, only to later ask the Defendant to pay over $26,000 for a re-deposition.

In fairness to both parties, then, I will, based on Defendant's last-minute, after-hours disclosure of the report, and the improper withholding of the documents set forth in

---

[2] Defendant claims that it was generous in disclosing the report 3 days before the deposition, since the Plaintiff's subpoena *duces tecum* asked that any reports be produced at the deposition itself. However, that boilerplate language in the subpoena does not absolve the Defendant of responsibility to provide adequate notice, especially since Plaintiff was apparently not even aware that there was a supplemental report until the weekend before Holzli's deposition.

[3] Predictably, the parties disagree as to whether Holzli's report conflicts with his affidavits. That is a question of fact that may be explored at the re-deposition.

Defendant's privilege log,[4] permit the re-deposition of Mr. Holzli.  Given that Holzli has already been deposed for 7 hours, the length of the deposition will be limited to 3.5 hours, beginning from the time Mr. Holzli is sworn.  However, based on Plaintiff's failure to seek an adjournment of the original deposition, which might have avoided the time and expense that have resulted from his strategic gamble, the cost of the re-deposition will be borne by the Plaintiff.

### B.    Production of Privileged Documents

Defendant has withheld or redacted certain documents, based on a claim of attorney-client or work product privilege.  These documents consist of communications, in the form of emails and attachments, between Defendant's expert, Mr. Holzli, and Defendant's in-house counsel.  Defendant has submitted the withheld documents to the Court for *in camera* review.

The salient question is not whether the documents are privileged.  Based on my review, I find that they are privileged, either as attorney-client communications or work product.  The question is whether that matters.  Plaintiff argues that under Rule 26(a)(2)(B), once a witness is identified as a testifying expert, all information provided to that witness is discoverable, including privileged information and attorney work product.  Defendant counters that under Rule 26(b)(1), privileged material is not discoverable.

Whatever doubt there may be as to whether the 90-day time limit of Rule 26(a)(2)(C) applies to a post-judgment motion, the disclosure requirements of Rule 26(a)(2)(B) surely do, at least under the facts of this case.  Mr. Holzli is an expert witness whose testimony may well be dispositive of the critical issue of the calculation of profits.  He has produced written reports–as required by the Rule–and the Plaintiff is entitled to

---

[4] See Section B, below.

the production of all material permitted under Rule 26(a)(2)(B). That Rule, not Rule 26(b)(1), contains the appropriate standard for production.

The Sixth Circuit has clearly spoken to the discoverability of otherwise privileged communications between an expert witness and counsel. In *Regional Airport Authority of Louisville v. LFG, LLC* 460 F.3d 697 (6th Cir. 2006), the Court endorsed a bright-line rule that *any* information supplied to an expert witness must be disclosed under the plain terms of Rule 26(a)(2)(B), regardless of whether it is privileged or whether it consists of attorney opinion work product. *Regional Airport Authority* noted the split of authority regarding the disclosure requirements of the 1993 amendments to Rule 26(a):

> "Since the amendments, two lines of cases have formed regarding protections of work-product associated with those experts. The first holds that attorney work product is not discoverable merely because it has been shared with a testifying expert. *See Haworth, Inc. v. Herman Miller, Inc.,* 162 F.R.D. 289, 292-96 (W.D.Mich.1995); *see also Smith v. Transducer Tech., Inc.,* 197 F.R.D. 260, 261-62 (D.Vi.2000); *Krisa v. Equitable Life Assurance Soc'y,* 196 F.R.D. 254, 259-61 (M.D.Pa.2000); *Estate of Moore v. R.J. Reynolds Tobacco Co.,* 194 F.R.D. 659, 663-64 (S.D.Iowa 2000). The second holds that Rule 26 creates a bright-line rule requiring disclosure of all information provided to testifying experts, including attorney opinion work product. *See In re Pioneer Hi-Bred Int'l, Inc.,* 238 F.3d 1370, 1375 (Fed.Cir.2001); *Karn v. Ingersoll-Rand*, 168 F.R.D. 633, 637-41 (N.D.Ind.1996); *Gall v. Jamison ( In re Gall ),* 44 P.3d 233, 238-39 (Colo.2002); *cf. Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.,* 412 F.3d 745, 751 (7th Cir.2005) (noting that Rule 26(a)(2)(B) requires a party to disclose all data that a testifying expert "considered"). The issue is one of first impression in this Court." 460 F.3d at 714.

The Sixth Circuit then went on to adopt the majority position of full disclosure of privileged or work-product protected material:

> "It is unclear from the text alone the extent of the required disclosure. The Advisory Committee Notes are equally ambiguous: 'Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts ... are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.' Since neither the text of the Rule nor the Advisory Committee Notes places any qualifier as to the extent of the "information," Fed.R.Civ.P. 26(a)(2)(B), or 'materials,' Fed.R.Civ.P. 26, advisory committee note, 1993 amendments,

given to testifying experts, we must conclude that none was intended. Thus, we read Rule 26(a)(2) as requiring disclosure of *all* information provided to testifying experts.

The bright-line approach is the majority rule, represents the most natural reading of Rule 26, and finds strong support in the Advisory Committee Notes. *Therefore, we now join the 'overwhelming majority' of courts, Herman v. Marine Midland Bank, 207 F.R.D. 26, 29 (W.D.N.Y.2002), in holding that Rule 26 creates a bright-line rule mandating disclosure of all documents, including attorney opinion work product, given to testifying experts. Id.*, 716-17 (emphasis added).

In *In re Pioneer Hi-Bred Intern.*, Inc. 238 F.3d 1370, 1375 (Fed. Cir. 2001), the Federal Circuit came to the same conclusion, holding that Rule 26(a)(2)(B) requires disclosure of privileged material considered by an expert witness, regardless of whether the expert ultimately relied on that information. Citing the Advisory Committee Notes to Rule 26(a), the court stated:

"Although there is some contrary authority at the district court level, *see, e. g., Nexxus Prods. Co. v. CVS New York, Inc.,* 188 F.R.D. 7, 10 (D.Mass.1999), the 1993 amendments to Rule 26 of the Federal Rules of Civil Procedure make clear that documents and information disclosed to a testifying expert in connection with his testimony are discoverable by the opposing party, whether or not the expert relies on the documents and information in preparing his report. Rule 26(a)(2) requires that the testifying expert's report 'contain a complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions;....' *The accompanying Advisory Committee Note explicitly states that '[t]he report is to disclose the data and other information considered by the expert.... Given this obligation of disclosure, litigants should no longer be able to argue that materials furnished to their experts to be used in forming their opinions-whether or not ultimately relied upon by the expert-are privileged or otherwise protected from disclosure when such persons are testifying or being deposed.' See also TV-3, Inc. v. Royal Ins. Co. of Am.,* 194 F.R.D. 585, 589 (S.D.Miss.2000) (correspondence between counsel and expert witness is discoverable, 'given plain language of Rule 26(a)(2) and its accompanying Advisory Committee Note'). *The revised rule proceeds on the assumption that fundamental fairness requires disclosure of all information supplied to a testifying expert in connection with his testimony. Indeed, we are quite unable to perceive what interests would be served by permitting counsel to provide core work product to a testifying expert and then to deny discovery of such material to the opposing party.*" *Id.* (emphasis added).

-6-

In *In re McRae*, 295 B.R. 676 (N.D. Fla. 2003), the Bankruptcy Court rejected the minority analysis of *Smith v. Transducer Tech., Inc.*, 197 F.R.D. 260 (D.V.I. 2000) and *Haworth v. Herman Miller, Inc.* (162 F.R.D. 289 (W.D. Mich. 1995) (as did the Sixth Circuit in *Regional Airport Authority*), and held that all information furnished to an expert must be disclosed under Rule 26(a)(2)(B), privileged or not, relied upon or not. The *McRae* court explained that such disclosure was necessary to effective cross-examination of the expert:

> "Once materials are furnished to the experts to be considered in forming their opinions, regardless of whether or not ultimately relied upon by the expert, privilege or protection from disclosure is waived because the plain meaning of Rule 26(a)(2)(B) trumps protections afforded by the attorney-client privilege and the work product doctrine. It is fair to require full disclosure of all communications to expert witnesses by attorneys because once communication has been furnished to the expert to be considered in forming their opinion, whether or not the expert relies on the documents, the communication will potentially color the expert's opinion. The disclosure of such materials enables the opposing party to test the expert's opinion through more effective cross-examination." 295 B.R. at 679

A "bright-line rule," as the term implies, obviates the need to examine nuanced arguments and factual distinctions. So, it doesn't matter whether Mr. Holzli is also a corporate officer, and that his communications with in-house counsel might otherwise be privileged. In the context of this case, he is a testifying expert witness, and Rule 26(a)(2)(B), as construed by *Regional Airport Authority* and numerous other cases, requires the disclosure of *all* communications with counsel.[5] *Upjohn Co. v. United States*, 449 U.S. 383 (1981), which establishes what communications are privileged, is irrelevant.

---

[5] Defendant attempts to distinguish *Regional Airport Authority* on its facts, arguing that the only material at issue in that case was data, information, or material provided to experts, whereas "at issue here is privileged communications between in-house counsel and Mr. Holzli." *Defendant's Response*, Docket #73, p.13. Defendant reads *Regional Airport Authority* too narrowly. The Sixth Circuit was very clear that *everything* is to be disclosed, including privileged and work-product protected material.

Therefore, Defendant is required to disclose to Plaintiff the previously withheld communications with Mr. Holzli set forth in its privilege log.

### III.   CONCLUSION

For these reasons, Plaintiff's Motion for Discovery Sanctions and Related Relief [Docket #70] is GRANTED, under the following terms:

1. Plaintiff may re-depose Defendant's expert, Timothy Holzli. The deposition will be limited to 3.5 hours, measured from the time Mr. Holzli is sworn.

2. The cost of the deposition will be borne by the Plaintiff.

3. No later than 14 days before Mr. Holzli's deposition, Defendant shall disclose to Plaintiff's counsel all material set forth in its privilege log.

IT IS SO ORDERED.


                      S/R. Steven Whalen
                      R. STEVEN WHALEN
                      UNITED STATES MAGISTRATE JUDGE

Dated:  January 5, 2010

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on January 5, 2010.

                      s/Susan Jefferson
                      Case Manager