UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD R. ROCHOW, et al.,

           Plaintiffs,

v.

LIFE INSURANCE COMPANY OF NORTH
AMERICA,

           Defendant.

_____/

Case No. 04-73628

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
R. STEVEN WHALEN

**ORDER GRANTING PLAINTIFF'S MOTION FOR PREJUDGMENT INTEREST IN PART
[152]**

On March 15, 2015, the Sixth Circuit vacated this Court's decision granting a disgorgement award under §502(a)(3) and remanded the case "for consideration of whether and, if so, to what extent, award of prejudgment interest is warranted under §502(a)(1)(B) to make Rochow whole." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 376 (6th Cir.), *cert. denied*, 136 S. Ct. 480, 193 L. Ed. 2d 350 (2015). On January 19, 2016, Plaintiffs filed a Motion for Interest [152], requesting the Court order Defendant to follow its internal claims policies and procedures, and to award interest at a rate of 12%. Defendant responded [154] on March 1, 2016 and Plaintiff replied on April 7, 2016 [161]. Defendant filed a sur-reply on May 16, 2016. The Court conducted a hearing on the motion on September 22, 2016. For the reasons stated below, Plaintiff's Motion for Interest is **GRANTED in part.**

## FACTUAL BACKGROUND

The facts presented are as summarized by the Sixth Circuit:

> In mid–2000, the late Daniel J. Rochow ("Rochow"), a principal of
> Universico Insurance Company ("Universico"), sold his interest in
> Universico to Arthur J. Gallagher & Co. ("Gallagher") and became
> President of Gallagher. As an employee of Gallagher, Rochow was
> covered under Life Insurance Company of North America ("LINA")
> policy number LK 30214. LINA's policy provided for disability
> benefits if an employee gave "satisfactory proof" that "solely because
> of Injury or Sickness [the employee is] unable to perform all material
> duties of [his or her] Regular Occupation or a Qualified
> Alternative[.]" See Rochow v. LINA ("Rochow I "), 482 F.3d 860,
> 863–64 (6th Cir.2007).

> In 2001, Rochow began to experience short term memory loss,
> occasional chills, sporadic sweating, and stress at work. *Id*. In July
> 2001, Gallagher demoted Rochow from President to Sales Executive–
> Account Manager because Rochow could no longer perform his duties
> as President. *Id*. Rochow continued to have difficulties, and as a result
> of his inability to perform his job, Gallagher forced Rochow to resign
> effective January 2, 2002. *Id*. In February 2002, Rochow experienced
> periods of amnesia and was hospitalized. *Id*. During his February
> 2002 hospital stay, Rochow was diagnosed with HSV–Encephalitis, a
> rare and severely debilitating brain infection. *Id*.

> On or about December 31, 2002, Rochow filed a claim for long term
> disability benefits. LINA denied Rochow benefits, stating that
> Rochow's employment ended before his disability began. Rochow I,
> 482 F.3d at 864.

> Rochow appealed LINA's denial and included medical records from
> 2001 that stated Rochow was suffering short-term memory loss during
> 2001. In denying Rochow's appeal, LINA noted that Rochow
> experienced the effects of encephalitis during 2001 but denied
> coverage because Rochow continued to work and was not disabled
> until February 2002. Rochow I, 482 F.3d at 864.

Rochow again appealed and…LINA again denied Rochow's claims…
Rochow appealed the denial a third time. LINA denied his claim for
the final time stating Rochow had not presented any medical records
to support his inability to work prior to the date he was terminated.

On September 17, 2004, Rochow filed a complaint against Cigna
Group Insurance, LINA's parent company, in the United States
District Court for the Eastern District of Michigan. Compl., ECF No.
1. The complaint states two claims under ERISA § 502(a)(3), 29
U.S.C. § 1132(a)(3): one to recover full benefits due to the failure to
pay benefits in violation of the terms of the plan and one to remedy
the alleged breach of fiduciary duty in ERISA Section 404(a), 29
U.S.C. § 1104(a).

Defendant moved for judgment on the record and Plaintiff moved for
summary judgment. On June 24, 2005, Judge Tarnow of the United
States District Court for the Eastern District of Michigan heard oral
arguments on the parties' motions. At the conclusion of oral argument,
Judge Tarnow stated on the record that LINA acted arbitrarily and
capriciously in finding Rochow was not disabled while still employed
and that Rochow had prevailed. In a one page order which
incorporated the reasoning stated on the record, the Court granted
Rochow's motion and denied LINA's motion. The same day, the
district court clerk filed a judgment which purported to dismiss the
case and was signed by the district court clerk and Judge Tarnow.

LINA appealed the June 24, 2005 Order denying Defendant's motion
and granting Plaintiff's motion…On April 3, 2007, a panel of this
Court affirmed Judge Tarnow's Order. Rochow I, 482 F.3d at
866…On the same day, the clerk for this Court entered judgment
stating "the order of the district court is AFFIRMED." The clerk of
this Court issued the mandate on April 26, 2007, and it was filed May
3, 2007…

…On November 10, 2008, LINA filed a statement of resolved and
unresolved issues and Plaintiff filed motions for attorneys' fees and
costs and equitable accounting. LINA's statement of issues
represented that the parties still disputed several issues, including
whether Plaintiff was entitled to a disgorgement of profits.

Plaintiff also filed a motion seeking an equitable accounting and a request for disgorgement. In that motion, Plaintiff argued Rochow's estate was entitled to disgorgement of profits because LINA breached its fiduciary duties, and disgorgement was necessary to prevent LINA's unjust enrichment resulting from profits it earned on the wrongfully retained benefits…

In June 2009, the district court granted Plaintiff's motion for an equitable accounting of profits and disgorgement of the same… …After the parties briefed the issue, the district court conducted an evidentiary hearing in November 2011 on the issue of calculation of profits for disgorgement…Following additional briefing and oral argument, the district court issued its decision on calculation of profits for disgorgement in March 2012…

…On December 6, 2013, a panel of this court affirmed the disgorgement award, holding that disgorgement was properly ordered under ERISA § 502(a)(3) for LINA's breach of fiduciary duty and that Rochow's claim for such relief was not an impermissible repackaging of a claim for wrongful denial of benefits under § 502(a)(1)(B). *Id.* at 423…LINA's petition for *en banc* rehearing was granted on February 19, 2014, vacating the panel's decision in Rochow II.

*Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 366–69 (6th Cir.), cert. denied,

136 S. Ct. 480, 193 L. Ed. 2d 350 (2015).

Following the *en banc* rehearing, the Sixth Circuit vacated the Court's

disgorgement award and remanded for consideration of whether and, if so, to what

extent, award of prejudgment interest is warranted under §502(a)(1)(B) to make

Rochow whole. *Id.*

ANALYSIS

The issues before the Court in Plaintiff's Motion for Prejudgment Interest include the following: (1) whether Plaintiff is entitled to prejudgment interest; (2) if the Court determines that Plaintiff is entitled to prejudgment interest, at what rate should the interest be awarded in order to make Plaintiff whole, while also not violating Sixth Circuit precedent prohibiting award at an excessive prejudgment interest rate which would "contravene ERISA's remedial goal of simply placing the plaintiff in the position he or she would have occupied but for the defendant's wrongdoing." *Schumacher v. AK Steel Corp. Retirement Accumulation Pension Plan*, 711 F.3d 675, 686 (6th Cir.2013); (3) when a judgment is final for the purposes of post-judgment interest; and (4) if Plaintiff explicitly waived the entitlement to post-judgment interest.

### 1. ENTITLEMENT TO PREJUDGMENT INTEREST

On the remand from the Sixth Circuit, the Court must determine if Plaintiff is entitled to prejudgment interest." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 376 (6th Cir.), cert. denied, 136 S. Ct. 480, 193 L. Ed. 2d 350 (2015). Defendants argue that Plaintiff is not entitled to prejudgment interest because, in contravention of the mandate, no evidence that an award of prejudgment interest is needed to make it whole has been offered. Defendants further argue that, since prejudgment interest is compensatory, the amount awarded "depends on how much

Plaintiff lost by not having possession of the funds in question," for example, and that "no evidence as to how much he earned on funds he actually invested during the relevant time period or how much he would have earned on the benefit payments had they been paid to him when originally due," has been provided.

There is no right to prejudgment interest under ERISA and a Plaintiff must show that the benefits were wrongfully withheld to be awarded a compensatory prejudgment interest award. *Ciaramitaro v. Unum Life Ins. Co. of Am*., 521 F. App'x 430, 435 (6th Cir. 2013). Since "[a]n award of prejudgment interest in the ERISA context is compensatory, not punitive… a finding of wrongdoing by the defendant is not a prerequisite to such an award." To award prejudgment interest, a Court need only find that benefits were "incorrectly withheld." *Id*, citing *Wells v. U.S. Steel,* 76 F.3d 731, 737 (6th Cir.1996). It is within the Court's discretion to decide whether to award prejudgment interest and at what rate. *Id.*

Given the precedent surrounding the awarding of prejudgment interest, the Defendants place undue emphasis on the phrase "make whole" in the mandate from the Sixth Circuit. In the *Rochow II* opinion itself, the Sixth Circuit invoked the phrase "make whole" when holding that any prejudgment interest award should, per Sixth Circuit precedent, not be so excessive as to overcompensate and be, in effect, punitive, but *also* not so exceedingly low as to "fail to *make the plaintiff whole*." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 376 (6th Cir.),

cert. denied, 136 S. Ct. 480, 193 L. Ed. 2d 350 (2015) (emphasis added), citing

*Schumacher v. AK Steel Corp. Retirement Accumulation Pension Plan*, 711 F.3d

675, 686 (6th Cir.2013). Therefore, in context, there is no viable argument that this

phrase means that Plaintiff must show evidence of what rate would make them

whole, rather it is meant to inform the Court's analysis, when determining what

prejudgment interest rate should be applied, to ensure that the rate selected is not

punitive but still adequate to compensate the Plaintiff.

In this case, because Rochow sought disability benefits from Defendant

beginning in 2002 and did not receive any benefit payment until October 2007, the

Court held that Defendant violated ERISA, both by its failure to pay benefits due

and its breach of fiduciary duty. Under these circumstances, there can be no

question that Defendant incorrectly and wrongfully withheld benefits, from the

moment that they refused to recognize Rochow as disabled. Plaintiff is accordingly

entitled to prejudgment interest.

There is no indication that the phrase "make whole" requires a detailed

evidentiary demonstration of what use the beneficiary would have made of the

money had he received it, and there is no precedent in the Sixth Circuit that such a

showing is required in ERISA cases, or more generally in civil litigation.

Therefore, Plaintiff is entitled to prejudgment interest because benefits incorrectly

were withheld.

## 2.  PREJUDGMENT INTEREST RATE

Plaintiff argues that it is entitled to a 12% prejudgment interest rate. It is asserted that Defendant has its own internal claims policies and procedures that establish Plaintiff should be awarded a 12% prejudgment interest rate per MCL §500.2006. Additionally, Plaintiff argues that MCL §500.2006 is not preempted by ERISA.  In response, Defendant denies that the document produced by Plaintiff reflects any internal policy. Rather, it contends that the document merely describes "certain *state laws* regarding interest that may or may not apply in any given case and that have their own specific requirements." [154 at 13]. Defendant also argues that not only is MCL §500.2006 preempted by ERISA, but that the interest rate is punitive, relying upon *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 616 (6th Cir.1998), which expressly held that a 12% rate is preempted by ERISA because it is punitive and would result in an excessive prejudgment award.

The document Plaintiff argues to be a policy is entitled "Claims Policies and Procedures: Interest on Claim Payments," and it "summarizes and provides procedures for state statutes which require interest to be paid on insurance claims." [152-2]. The document identifies the states "with requirements that interest be paid on insurance proceeds in certain circumstances." *Id*. Michigan is listed with a 12% per year rate. The rest of the document discusses how to comply with the various state laws, should they apply to claims. The document also states that certain cases

should be referred through litigation coordinators, including "instances where the claimant or the claimant's representative may argue that an interest rate statute is applicable where we have determined it is not, either because of differences in products affected or territorial scope." [152-2 at 7]. There is nothing in the document that provides that all claims, in all states with listed statutes, will have those particular interest rates applied. Instead, the alleged policy clearly contemplates that it will not be used in all circumstances, even in those states having state statutes concerning interest to be paid on insurance proceeds.

Additionally, Plaintiff has not directed this Court's attention to any case law supporting the proposition that, even if the exhibit was to be considered a policy manual, that it would be controlling on the issue of ERISA prejudgment rates. Further no Sixth Circuit decisions have been presented to support the proposition that the Court should use its discretion in awarding prejudgment interest and order an ERISA fiduciary to enforce their policy of awarding a certain rate, especially in the face of Sixth Circuit precedent that dictates that the requested amount per Michigan statute would be preempted as punitive in violation of the remedial scheme of ERISA.

In *Ford v. Uniroyal Pension Plan*, the Sixth Circuit recognized that "incorporation of state standards in the calculation of prejudgment interest could frustrate ERISA's remedial scheme." 154 F.3d 613, 617 (6th Cir. 1998). The Court

2:04-cv-73628-AJT-RSW   Doc # 180   Filed 09/29/16   Pg 10 of 19   Pg ID 4603

proceeded to find that a 12% prejudgment interest rate under MCL §600.6013 was preempted by ERISA, because it would be significantly higher than the rate authorized under 28 U.S.C. §1961, and would overcompensate a Plaintiff. *Id* at 618. Specifically, the Court noted that the state statute mandating a 12% prejudgment interest rate was created with the purpose, not only to compensate Plaintiffs for the delay in receiving money damages, but also to compensate Plaintiffs for litigation expenses. *Id*. Since the District Court separately provided for attorney's fees, this rate would thus overcompensate Plaintiff and be punitive.

Plaintiff argues that requested 12% rate is mandated by MCL §500.2006 and thus is not preempted by ERISA under the holding in *Ford*.  However, the *Ford* decision squarely applies, and establishes that MCL §500.2006 is subject to ERISA preemption as conflicting with its remedial scheme. Beyond the fact that the rate sought here is identical to the one found preempted in *Ford* as being punitive, MCL §500.2006 was created with "[t]he purpose…to penalize insurers for dilatory practices in settling meritorious claims, not to compensate a plaintiff for delay in recovering benefits to which the plaintiff is ultimately determined to be entitled." *Dep't of Transp. v. Initial Transp*., Inc., 276 Mich. App. 318, 330–31, 740 N.W.2d 720, 728 (2007) (citations omitted), (*rev'd* in part on other grounds). This plainly punitive purpose is in direct opposition to the purpose of ERISA, and is thus preempted under *Ford.*

In terms of setting the prejudgment interest rate, Plaintiff has provided no other option beyond the 12%. The Defendant presents two options. The first would calculate the rate under 28 U.S.C. §1961, based on one-year treasury rates. According to exhibits provided by Defendant, the applicable one-year Treasury rate from July 2002 through June 2005 is 1.85%, which would yield a total prejudgment interest amount of $11,172.42 (from July 2002 through June 2009, the rate is 2.74%, yielding a total amount of $75,709.56). The second rate suggested by Defendant would adopt this Court's methodology in the *Pipefitters Local 636 Fund v. Blue Cross Blue Shield of Michigan*, No. 04-73400, 2012 WL 3887174 (E.D. Mich. Sept. 7, 2012), *aff'd sub nom. Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Michigan*, 722 F.3d 861 (6th Cir. 2013). In that case, the award was based on five-year Treasury rates plus one percent, in accordance with MCL §600.6013. *Id* at *4. For the present case, per Defendant's exhibit, from July 2002 through June 2005, application of the applicable rate under MCLA §600.6013 (4.38%) to the stream of benefits payments due before final judgment, and compounding annually, would yield a total prejudgment interest of $26,375 (from July 2002 through June 2009, the amount would be $142,031.85).

This Court has determined to adopt the method previously employed in *Pipefitters Local 636 Fund* as the calculation formula for prejudgment interest in

this case. *Id*. The applicable time period for the prejudgment interest rate is discussed below. See Part 4.

### 3. ENTITLEMENT TO POST-JUDGMENT INTEREST

Defendant argues that Plaintiff effectively waived its right to post-judgment interest at the November 17, 2015 conference, when in response to this Court's question, "So you're not going to make a claim for post-judgment interest," Plaintiff's Counsel replied "It's not possible, no, because there is no judgment." Defendant argues that this statement, combined with the fact that Plaintiff does not address post-judgment interest in its Motion, necessarily has resulted in its waiver. Plaintiff responds that it did not waive the post-judgment interest when it made that statement. It further asserts that post-judgment interest was not addressed in the Motion because it was not necessary to request such interest.

Defendant has not directed this Court's attention to any legal authority supporting its position that post judgment interest can be waived. To the contrary, "28 U.S.C. § 1961(a) *requires* district courts to award post-judgment interest on all money judgments." *Spizizen v. Nat'l City Corp.,* 516 F. App'x 426, 432 (6th Cir. 2013) (emphasis added).  Moreover, the Seventh Circuit, which did address this issue, held that "post-judgment interest is awarded by automatic statutory provision. To expressly award post-judgment interest is superfluous." *Pace Commc'ns, Inc. v. Moonlight Design, Inc.*, 31 F.3d 587, 591 (7th Cir. 1994). This

Court concurs that there was no need to expressly request post-judgment interest in the motion.

The Court also does not interpret the statement made by the Plaintiff at the conference to constitute a waiver. It seems clear that Plaintiff's counsel did not consider the judgment to be final without the awarding of prejudgment interest, so there was no need to request post-judgment interest from the Court. Therefore, Plaintiff is entitled to post-judgment interest under 28 U.S.C. § 1961(a).

### 4.   TIMING OF POST-JUDGMENT INTEREST AND PREJUDGMENT INTEREST

Defendant argues that, if the Court finds that Plaintiff did not waive the right to post-judgment interest, it should be awarded from the time of the Order granting summary judgment on June 24, 2005. In the alternative, Defendant argues that the latest that prejudgment interest entitlement would run is through June 26, 2009[1], the date that the Court quantified the amount of LTD benefits owed to Plaintiff. Plaintiff contends that any judgment is not "final" for the purposes of post judgment interest until the issue of whether Plaintiff is entitled to prejudgment interest is decided by the Court. Plaintiff argues that since that has not yet happened, post-judgment interest has not yet been triggered.

---

[1] The Order entered in June 2009 regarding quantification of benefits owed was actually entered June 16, 2009 [67].

"[P]rejudgment interest should run up until the point where the federal post-judgment interest provisions are triggered." *Stryker Corp. v. XL Ins. Am.*, 735 F.3d 349, 361 (6th Cir. 2012). Post-judgment "shall be allowed on any money judgment in a civil case recovered in a district court…calculated from the date of the entry of the judgment." 28 U.S.C. §1961(a).

In *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. 827 (1990), the Supreme Court addressed the issue of when a judgment on the merits was final. In that case, an initial trial resulted in entry of judgment for $5,445,000 in damages. When the District Court determined that the damages were unsupported by evidence, the original judgment was vacated, and a limited retrial on damages was conducted, with a new judgment entered in the amount of $9,567,939. The Supreme Court held that post-judgment interest would begin running after the second judgment, because, before that final judgment, the damages had not been "'ascertained' in any meaningful way." *Id*. However, this case did not address the question of whether other monetary elements, such as attorney fees and prejudgment interest, were part of the underlying damage and thus a part of a final judgment and entitled to post-judgment interest.

The Sixth Circuit has addressed the question of whether post-judgment interest should be awarded on an entire judgment that included prejudgment interest in *Caffey v. Unum Life Ins. Co.*, 302 F. 3d 576 (6th Cir. 2002). The Court explicitly

found that "Plaintiff is entitled to post-judgment interest on the district court's award of prejudgment interest." *Id* at 586. The Court recognized and favorably cited decisions from various other Circuits "that post-judgment interest should be awarded on the entire amount of the judgment, including any prejudgment interest," since "[p]rejudgment interest is part of the underlying damage award; and '[u]nder § 1961, post-judgment interest should be awarded on the entire amount of the judgment.'" *Id,* citing approvingly *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1031 (4th Cir.1993) (en banc); *Bancamerica Commercial Corp. v. Mosher Steel of Kans., Inc.*, 103 F.3d 80, 82 (10th Cir.1996); *Air Separation, Inc. v. Underwriters at Lloyd's of London*, 45 F.3d 288, 291 (9th Cir.1995); *Ins. Co. of N. Am. v. Lexow*, 937 F.2d 569, 572 n. 4 (11th Cir.1991). The Court explained that since post-judgment interest is meant to compensate Plaintiff for loss from the "time between the ascertainment of the damage and the payment by the Defendant." *Caffey v. Unum Life Ins. Co.*, 302 F.3d 576, 587 (6th Cir. 2002). In the context of determining the timing of prejudgment and postjudgment interest, the Court found that this purpose was best served by having:

> Post-judgment interest began to run on the district court's prejudgment interest award on March 2, 2000, when plaintiff's unconditional legal entitlement to prejudgment interest was initially established.

*Id*.

*Stryker Corp. v. XL Ins. Am* also supports *Caffey's* findings concerning appropriate prejudgment and post-judgment interest timing. 735 F.3d 349, 361 (6th Cir. 2012). As the Court in *Stryker* explained, the final judgment occurred when the District Court entered a judgment that "contained findings relating to the amount of prejudgment interest that the *First Interest Opinion* did not completely vacate." *Id.*

The Court contrasted its findings to another Sixth Circuit decision, *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir.2005). In that case, the first judgment was followed by two subsequent judgments that modified the total award, but did not set aside the conclusions of the first judgment. *Id* at 362. The Sixth Circuit found that the final judgment must be employed for the cut-off for prejudgment interest, despite the fact that none of the subsequent judgments modified the conclusions of the first judgment, but merely modified the total award. This opinion "merely aligned the accrual of prejudgment interest with the date that prejudgment interest was first awarded" and thus damages were sufficiently ascertained at this Order because entitlement to prejudgment interest was determined. *Scotts Co. v. Cent. Garden & Pet Co.*, 403 F.3d 781, 788 (6th Cir.2005).

The decisions in *Caffey, Scott and Stryker* all demonstrate that a judgment is considered final for the purposes of post-judgment interest, not only once the amount of damages on the underlying merits of a claim are ascertained, but with respect to prejudgment interest, a judgment is final once the issue of entitlement is determined.

Defendant argues that the Court's Order on June 24, 2005 or, in the alternative, the Court's Order of June 2009, must be considered to be the final judgment in this case.  "Judgment" has been interpreted by the Sixth Circuit, for the purposes of the statute, to mean "any judgment that is not entirely set aside." *Skalka v. Fernald Envtl. Restoration Mgmt. Corp.*, 178 F.3d 414, 429 (6th Cir.1999). "[A] final judgment for money must, at least, determine, or specify the means for determining, the amount." *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233–34 (1958).

In this case, the issue of entitlement to prejudgment interest had not been determined, per the mandate issued by the Sixth Circuit on March 5, 2015. *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 366 (6th Cir.), *cert. denied*, 136 S. Ct. 480, 193 L. Ed. 2d 350 (2015). The Order of June 2005 merely found that Defendant's "determination was arbitrary and capricious and unsupported by the administrative record." *Rochow v. Life Ins. Co. of N. Am.*, 482 F.3d 860, 862 (6th Cir. 2007). This

clearly was not a money judgment, and thus could not trigger post-judgment interest under 28 U.S.C. §1961.

The Order of June 2009 similarly does not trigger post-judgment interest because it is not a final order. This Order dealt with several pending Motions including, *inter alia*, the issue of how to determine the calculation of the benefits owed to Plaintiff and the issue of disgorgement [67]. This again is not a final money judgment, because the Sixth Circuit reversed the Court's award of disgorgement in *Rochow II*. Per Sixth Circuit precedent, the judgment is not final until the full damages, including fees and interest, have been ascertained. With the reversal of the disgorgement award and the mandate to determine Plaintiff's entitlement to prejudgment interest, postjudgment interest has not been triggered. Therefore, Plaintiff is entitled to prejudgment interest up to the entry of this Order, and then post-judgment interest begins subsequently.

CONCLUSION

In conclusion, the Court finds that Plaintiff is entitled to prejudgment interest. Post-judgment interest will be triggered by the entry of this Order which determines the entitlement to prejudgment interest.

The Court adopts the interest rate method it employed in *Pipefitters Local 636 Fund v. Blue Cross Blue Shield of Michigan*, No. 04-73400, 2012 WL 3887174 (E.D. Mich. Sept. 7, 2012), *aff'd sub nom. Pipefitters Local 636 Ins. Fund*

*v. Blue Cross & Blue Shield of Michigan*, 722 F.3d 861 (6th Cir. 2013) for determining prejudgment interest. Defendant provided the Court with amounts for prejudgment awards using this method of calculation. However, it has not provided a calculation for the time period of prejudgment interest found by the Court in this Order. Therefore, Defendant is ordered to provide the Plaintiff and the Court with their calculation of prejudgment interest for the time period of July 2002 through September 2016.

**IT IS ORDERED** that Plaintiff's Motion for Interest is **GRANTED in part.**

**IT IS FURTHER ORDERED** that Defendant shall provide the Court with their calculation of prejudgment interest under the *Pipefitters Local 636 Fund v. Blue Cross Blue Shield of Michigan*, No. 04-73400, 2012 WL 3887174 (E.D. Mich. Sept. 7, 2012), *aff'd sub nom. Pipefitters Local 636 Ins. Fund v. Blue Cross & Blue Shield of Michigan*, 722 F.3d 861 (6th Cir. 2013) method for the time period of July 2002 through September 2016.

**SO ORDERED**.

                              s/Arthur J. Tarnow
                              Arthur J. Tarnow
Dated: September 29, 2016        Senior United States District Judge