UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD ROCHOW, et al., | Case No. 04-73628 |
| Plaintiffs, | SENIOR U.S. DISTRICT JUDGE |
| v. | ARTHUR J. TARNOW |
| LIFE INSURANCE COMPANY OF NORTH AMERICA, | U.S. MAGISTRATE JUDGE R. STEVEN WHALEN |
| Defendant. | |

**ORDER DENYING MOTION FOR RECONSIDERATION [182]**

On March 15, 2015, the Sixth Circuit vacated this Court's decision granting a disgorgement award under §502(a)(3) and remanded the case "for consideration of whether and, if so, to what extent, award of prejudgment interest is warranted under §502(a)(1)(B) to make Rochow whole." *Rochow v. Life Ins. Co. of N. Am.*, 780 F.3d 364, 376 (6th Cir. 2015), *cert. denied*, 136 S. Ct. 480, 193 L. Ed. 2d 350 (2015). On January 19, 2016, Plaintiffs filed a Motion for Interest [152], requesting the Court order Defendant to follow its internal claims policies and procedures, and to award interest at a rate of 12%. Defendant responded [154] on March 1, 2016 and Plaintiff replied on April 7, 2016 [161]. Defendant filed a sur-reply on May 16, 2016. The Court conducted a hearing on the motion on September 22, 2016. The Court granted in part Plaintiff's request.

Plaintiff filed a Motion for Reconsideration [182] on October 13, 2016. For the reasons stated below, this Motion is **DENIED.**

### STANDARD OF REVIEW

Local Rule 7.1(h)(3) provides that:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See Hansmann v. Fid. Invs. Institutional Servs. Co.*, 326 F.3d 760, 767 (6th Cir. 2003). A Motion for Reconsideration "is not properly used as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier but were not." *Smith v. Mount Pleasant Schools*, 298 F.Supp.2d 636, 637 (E.D.Mich.2003) (*citing Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 357, 374 (6th Cir. 1998); *see also Scottsdale Insur. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."). "The decision whether to grant reconsideration lies largely within the discretion of the court." *Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990).

## ANALYSIS

Plaintiff requests that the Court reconsideration its denial of the 12% prejudgment interest rate, first arguing that the Court erred in not using the *Miller/Ross* standard for their preemption analysis, which mandates that the Court apply the Michigan statutory rate of 12%, and in the alternative argues that if the Court still finds that the 12% rate does not apply, the Court should apply a 9% rate because LINA's contract expressly incorporates Illinois law. Finally, Plaintiff argues that even if the rate from *Pipefitters* that the Court applied were appropriate, it must be compounded monthly to a stream of monthly benefit payments.

1. **PREEMPTION ANALYSIS**

Under the *Miller/Ross* standard, ERISA's savings clause has a two step inquiry: (1) determining if the law is "specifically directed towards entities engaged in insurance;" and (2) whether the law "substantially affects the risk pooling arrangement between insured and insurer." *Am. Council Life Ins. V. Ross*, 558 F3d 600, 605 (6th Cir. 2009). Further, a state statute that has been saved from preemption under step two may still be preempted under a third step that asks whether the law "provides a separate vehicle to assert a claim for benefits outside of, or in addition to, ERISA's remedial scheme." *Id.* at 607.

While the Court acknowledges that it did not specifically explicitly engage with the *Ross* three step test, the Court did engage in a step three analysis, while

not citing to the *Ross* case. The Court agrees with Plaintiff that the statute at hand can reasonably be seen as satisfying steps one and two of the analysis, given that it is located in the Michigan Insurance Code, is specifically directed at insurance entities and affects the risk pooling agreement by regulating an insurer's payout according to its punctuality. However, as detailed in the Order, the third step is where this law becomes the subject of preemption. Plaintiff argues that the cases raised in support of this proposition by Defendant are distinguishable because the laws at issue in those cases created new causes of action. This argument ignores the content of the Court's order in discussing the application of *Ford* and the prejudgment interest rate awarded under MCL §500.2006.

In *Ford,* the Court found that the incorporation of a state prejudgment interest rate could violate ERISA's remedial scheme. *Ford v. Uniroyal Pension Plan*, 154 F.3d 613, 617 (6th Cir. 1998). As the Court reasoned in the order, MCL §500.2006 was created with "[t]he purpose…to penalize insurers for dilatory practices in settling meritorious claims, not to compensate a plaintiff for delay in recovering benefits to which the plaintiff is ultimately determined to be entitled." *Dep't of Transp. v. Initial Transp*., Inc., 276 Mich. App. 318, 330–31, 740 N.W.2d 720, 728 (2007) (citations omitted), (*rev'd* in part on other grounds). The Plaintiff does not address this argument in his Motion for Reconsideration and instead focuses on the fact that prejudgment interest is part of ERISA's scheme and

therefore cannot be considered outside of ERISA. As Plaintiff himself argues in the Motion at hand, an insurance regulation will be preempted "[w]hen an insurance regulation creates a new cause of action **or means of securing punitive damages.**" [182 at 8, citing *Ross*, 558 F.3d at 607] (emphasis added).

In this case, it is clear from Michigan law that the prejudgment interest rate at issue was created to *punish*, not to compensate for any delay in payment. This is the exact difference between an award that is punitive versus the ERISA remedial model of making a Plaintiff whole. Plaintiff has not presented a single case where a rate close to 12% prejudgment interest was awarded in the Sixth Circuit under MCL §500.2006 or any other statute. Since the rate was explicitly set to be punitive rather than to make the Plaintiff whole, the Court rejects this basis for reconsideration.

2. **IF 12% RATE PREEMPTED, COURT SHOULD APPLY THE 9% RATE PURSUANT TO LINA'S CONTRACT**

Plaintiff argues that the Court should, having found the 12% rate preempted, apply the 9% rate pursuant to LINA's contract. While the Court acknowledges that the Plaintiff considered the Court's stance on the alleged policy "agnostic," the Court will take the time to reiterate its stance that there is "nothing in the document that provides that all claims, in all states with listed statutes, will have those particular interest rates applied. Instead, the alleged policy clearly contemplates that it will not be used in all circumstances, even in those states

having state statutes concerning interest to be paid on insurance proceeds." [180 at 9]. The logic behind this stance is clear, as the Plaintiff points out that even state insurance statutes can be preempted if they violate ERISA's remedial scheme, as is clearly evident in this case. Therefore, the Court denies this basis for reconsideration.

3. *PIPEFITTERS* RATE MUST BE COMPOUNDED MONTHLY TO A STREAM OF MONTHLY BENEFIT PAYMENTS

Defendant presented the *Pipefitters* option for prejudgment interest calculation from its first response to the Motion for Interest. Plaintiff never raised the issue of this calculation being inappropriate for not being compounded monthly in his reply or at the hearing. A Motion for reconsideration is not an appropriate forum for raising new arguments. *Scottsdale Insur. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."). Therefore, the Court denies this basis for reconsideration.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration [182] is **DENIED**.

**SO ORDERED**.

            sArthur J. Tarnow
            Arthur J. Tarnow
Dated: September 25, 2017    Senior United States District Judge